USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 United States Court of Appeals
 For the First Circuit

 ____________________

No. 97-1624

 UNITED STATES,

 Appellee,

 v.

 JEFFREY CRESSEY,

 Defendant, Appellant.

 ____________________

No. 97-1806

 UNITED STATES,

 Appellee,

 v.

 GREGORY A. COUTURE,

 Defendant, Appellant.

 ____________________

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. D. Brock Hornby, U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,

 Bownes, Senior Circuit Judge,

 and Stahl, Circuit Judge.

 _____________________ Christopher W. Dilworth, for appellant Jeffrey Cressey.
 Richard S. Emerson, Jr., with whom Childs, Emerson, Rundlett,
Fifield & Childs, was on brief for appellant Gregory A. Couture.
 Margaret D. McGaughey, Assistant United States Attorney, with
whom Jay P. McCloskey, United States Attorney, and Helene
Kazanjian, Assistant United States Attorney, were on brief for
appellee.

 ____________________

 March 31, 1998
 ____________________ Per Curiam. According to the government, between 1992
and 1996, Rick Lachance regularly bought large amounts of cocaine
from David Gell and Luis Peralta in New York City, and sold several
ounces per week to appellants Jeffrey Cressey and Gregory Couture,
as well as Albin Lavallee, Raymond Bergeron, Cory Ison, and others
in Maine. Cressey, Couture, and the others resold the cocaine in
gram amounts to individual users. This "spoke" conspiracy was the
subject of a federal investigation.
 Cressey was eventually indicted, with Bergeron, Ison, and
Peralta, on one count of conspiracy to possess with intent to
distribute cocaine in violation of 21 U.S.C. 841 (a)(1), 841
(b)(1)(B), and 846. Couture was indicted separately under the same
charge. The two indictments were consolidated for trial over the
objections of Cressey and Couture. Ison and Peralta pled guilty
and the other three defendants proceeded to trial. The jury
returned a guilty verdict, and Cressey and Couture were sentenced
to 97 and 70 months imprisonment, respectively.
 On appeal, both Cressey and Couture raise a number of
alleged errors committed by the district court. Finding none after
careful review, we affirm the convictions.
 The first error that the district court is alleged to
have made was joining the trials of Cressey, Couture and Bergeron. 
The joinder was ordered over objection, and Cressey's motion to
sever was later denied. District court decisions to sever criminal
trials under Fed. R. Crim. P. 14 or join trials under Fed. R. Crim.
P. 13 are subject to review for an abuse of discretion standard. 
See United States v. Jones, 10 F.3d 901, 908 (1st Cir. 1993);
United States v. Clayton, 450 F.2d 16, 18 (1st Cir. 1971). For an
appellant to prevail, he must show that he suffered substantial
prejudice from a joint trial amounting to a miscarriage of justice. 
See Zafiro v. United States, 506 U.S. 534, 540 (1993); Jones, 10
F.3d at 908-909. No miscarriage of justice occurred in this case.
 There is a presumption that co-defendants in the same
venture should be tried together, in part to promote judicial
efficiency, and in part to avoid inconsistent verdicts. SeeZafiro, 506 U.S. at 537. The cases against Cressey and Couture
involved the same drug coming from the same sources within the same
time period. They resold the drugs in the same mid-coast region of
Maine. It is beyond dispute that most of the evidence admissible
at trial was correctly determined to be admissible against both
appellants. Where evidence was admitted against only one
defendant, the court limited the jury's consideration of the
evidence. The government's opening and closing statements
segregated the evidence against each defendant, and the court
charged the jury carefully, reminding them that their verdicts need
not be consistent and to consider each defendant individually. We
are satisfied that the district court did not abuse its discretion
in joining the cases against Cressey and Couture.
 The district court is also alleged to have erred in
denying Cressey and Couture's motions for acquittal. We disagree. 
The evidence against both appellants in this case was overwhelming. 
Lavallee and Lachance's testimony clearly establishes that, one or
more times each week, Cressey and Couture each bought up to three
ounces of cocaine between 1993 and 1995. The fact that they did
not know each other, or that certain additional evidence was
collected against one of the two appellants was simply irrelevant
to their motions for acquittal.
 We are also persuaded that the district court properly
upheld objections to questions from Cressey's counsel directed
toward an unrelated marijuana conspiracy. While these questions
were not grossly out of line, the district court was acting well
within its discretion to limit cross-examination so as to avoid
prejudice, confusion and unnecessary waste of time. See United
States v. Malik, 928 F.2d 17, 22 (1st Cir. 1991) (citing Delawarev. Van Arsdall, 475 U.S 673, 679 (1986)). Furthermore, it remains
a mystery how the court's ruling could have prejudiced Cressey. 
Evidence of further involvement with drugs would not have
exculpated Cressey and Couture absent jury confusion. In the face
of Lachance and Levallee's testimony, we find it utterly
inconceivable that Cressey and Couture were being tried for the
wrong crime.
 It is further alleged on appeal that Cressey's counsel
was inappropriately interrupted during closing arguments from the
bench. However, Cressey's counsel admits that the statements to
the jury that were corrected were inaccurate recitations of facts
in evidence. Under the circumstances, the district court judge was
well within his discretion to stop counsel. United States v.
Williams, 809 F.2d 75, 79-80 (1st Cir. 1986) (district courts have
broad discretion to control closing arguments, including the
authority to correct inaccurate statements). There is certainly no
abuse of discretion where, as here, the district court invites
counsel to a sidebar and gives counsel an opportunity to correct
his misstatements before the jury, instead of having the judge do
so in an apparent reprimand.
 We also conclude that the district court charged the jury
and responded to their subsequent inquiries appropriately. The
court correctly determined that a multiple conspiracy jury
instruction was not warranted. There was no evidence that any of
the defendants participated in any conspiracy other than the one
charged. The court's instructions carefully and adequately
described the crime of conspiracy.
 As the jurors were deliberating, they presented the
district court judge with a request to re-read Cressey's cross-
examination of Lavallee. Despite the fact that, at the outset of
the trial, the judge had explained that there would be no
transcript and that the jurors would have to rely on their
recollections of testimony and any notes that they may have taken,
the judge offered to have the court reporter translate aloud her
shorthand notes in the jury's presence. The judge explained that
such a process would be time-consuming, in part because sections of
the direct and cross-examinations would have to be read. The jury
ultimately rejected the judge's offer and reached its verdict. We
find that the judge's response was well within his discretion and
did not prejudice the defendants in this case.
 For the reasons stated in this opinion, the judgment of
the district court is affirmed.